UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SUZAN DOGAN,                                          Case No.: 1:24-cv-06362-RPK-JRC

          *Plaintiff*,

   -against-                                          **ANSWER**

AKSARAY, INC. d/b/a AKSARAY TURKISH
CAFÉ AND RESTAURANT, BAKI GUVEN, and
YUSUF ALBARDAK

          *Defendants*.
------------------------------------------------------------------X

      Defendants Aksaray, Inc. d/b/a Aksaray Turkish Café and Restaurant, Baki Guven, and

Yusuf Albardak (collectively, "Defendants"), by and through their attorneys, McLaughlin & Stern,

LLP, hereby answer Plaintiff's Complaint dated September 11, 2024 ("Complaint") as follows:

**NATURE OF THE CASE**

1.  DENY the allegations set forth in Paragraph 1 of the Complaint.

2.  Paragraph 2 of the Complaint purports to set forth the nature of the action and appears to

    contain no allegations to which a responsive pleading is required. To the extent, if any, that

    Paragraph 2 of the Complaint may be read as setting forth allegations of fact, Defendants

    DENY those allegations.

3.  DENY the allegations set forth in Paragraph 3 of the Complaint.

4.  Paragraph 4 of the Complaint purports to set forth the nature of the action and appears to

    contain no allegations to which a responsive pleading is required. To the extent, if any, that

    Paragraph 4 of the Complaint may be read as setting forth allegations of fact, Defendants

    DENY those allegations.

1

## JURISDICTION AND VENUE

5. Paragraph 5 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that Paragraph 5 of the Complaint may be read as setting forth allegations of fact, Defendants DENY those allegations.

6. Paragraph 6 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that Paragraph 6 of the Complaint may be read as setting forth allegations of fact, Defendants DENY those allegations.

## PARTIES

7. DENY the allegations set forth in Paragraph 7 of the Complaint.

8. DENY the allegations set forth in Paragraph 8 of the Complaint.

9. ADMIT only that Aksaray, Inc. is a New York corporation. DENY the remaining allegations set forth in Paragraph 9 of the Complaint.

10. DENY the allegations set forth in Paragraph 10 of the Complaint.

11. DENY the allegations set forth in Paragraph 11 of the Complaint.

12. DENY the allegations set forth in Paragraph 12 of the Complaint.

13. DENY the allegations set forth in Paragraph 13 of the Complaint.

14. DENY the allegations set forth in Paragraph 14 of the Complaint.

15. DENY the allegations set forth in Paragraph 15 of the Complaint.

16. DENY the allegations set forth in Paragraph 16 of the Complaint.

17. DENY the allegations set forth in Paragraph 17 of the Complaint.

18. DENY the allegations set forth in Paragraph 18 of the Complaint.

19. DENY the allegations set forth in Paragraph 19 of the Complaint.

20. DENY the allegations set forth in Paragraph 20 of the Complaint. Defendants further DENY all allegations and characterizations made by Plaintiff with respect to Exhibit 1.

21. DENY the allegations set forth in Paragraph 21 of the Complaint. Defendants further DENY all allegations and characterizations made by Plaintiff with respect to Exhibit 2.

22. DENY the allegations set forth in Paragraph 22 of the Complaint.

23. DENY the allegations set forth in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that Paragraph 24 of the Complaint may be read as setting forth allegations of fact, Defendants DENY those allegations.

25. Paragraph 25 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that Paragraph 25 of the Complaint may be read as setting forth allegations of fact, Defendants DENY those allegations.

26. DENY the allegations set forth in Paragraph 26 of the Complaint.

27. DENY the allegations set forth in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that Paragraph 28 of the Complaint may be read as setting forth allegations of fact, Defendants DENY those allegations.

## **FACTS**

29. DENY the allegations set forth in Paragraph 29 of the Complaint.

30. DENY the allegations set forth in Paragraph 30 of the Complaint.

31. DENY the allegations set forth in Paragraph 31 of the Complaint.

32. DENY the allegations set forth in Paragraph 32 of the Complaint.

33. DENY the allegations set forth in Paragraph 33 of the Complaint.

34. DENY the allegations set forth in Paragraph 34 of the Complaint.

35. DENY the allegations set forth in Paragraph 35 of the Complaint.

36. DENY the allegations set forth in Paragraph 36 of the Complaint.

37. DENY the allegations set forth in Paragraph 37 of the Complaint. Paragraph 37 of the Complaint also references an "Exhibit", however, it is unclear what Exhibit, if any, is being referred to. To that end, Defendants further DENY all purported allegations and characterizations made by Plaintiff with respect to any "Exhibit".

38. DENY the allegations set forth in Paragraph 38 of the Complaint. Defendants further DENY all allegations and characterizations made by Plaintiff with respect to Exhibit 2.

39. DENY the allegations set forth in Paragraph 39 of the Complaint. Defendants further DENY all allegations and characterizations made by Plaintiff with respect to Exhibit 2.

40. Paragraph 40 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that Paragraph 40 of the Complaint may be read as setting forth allegations of fact, Defendants DENY those allegations.

41. Paragraph 41 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that Paragraph 41 of the Complaint may be read as setting forth allegations of fact, Defendants DENY those allegations.

**AKSARAY KEPT GRATUITIES FROM GUESTS[1]**

42. DENY the allegations set forth in Paragraph 42 of the Complaint.

43. DENY the allegations set forth in Paragraph 43 of the Complaint.

44. DENY the allegations set forth in Paragraph 44 of the Complaint.

45. DENY the allegations set forth in Paragraph 45 of the Complaint. Defendants further DENY all allegations and characterizations made by Plaintiff with Respect to Exhibit 1.

46. DENY the allegations set forth in Paragraph 46 of the Complaint. Defendants further DENY all allegations and characterizations made by Plaintiff with Respect to Exhibit 1.

47. DENY the allegations set forth in Paragraph 47 of the Complaint.

48. DENY the allegations set forth in Paragraph 48 of the Complaint.

**ADDITIONAL CASH GRATUITIES[2]**

49. DENY the allegations set forth in the two Paragraphs numbered 49 in the Complaint.[3]

50. DENY the allegations set forth in Paragraph 50 of the Complaint.

51. DENY the allegations set forth in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that Paragraph 52 of the Complaint may be read as setting forth allegations of fact, Defendants DENY those allegations.

53. DENY the allegations set forth in Paragraph 53 of the Complaint.

54. DENY the allegations set forth in Paragraph 54 of the Complaint.

---

[1] Defendants are utilizing all titles used by Plaintiff in her Complaint for clarity purposes only. To the extent, if any, that this title may be read as setting forth allegations of fact, Defendants DENY those allegations.

[2] Defendants are utilizing all titles used by Plaintiff in her Complaint for clarity purposes only. To the extent, if any, that this title may be read as setting forth allegations of fact, Defendants DENY those allegations.

[3] For the avoidance of doubt, Plaintiff's Complaint includes two Paragraph 49s and, therefore, Paragraph 49 of this Answer purports to DENY all allegations made by Plaintiff in the two Paragraph 49s.

    a.   DENY the allegations set forth in Paragraph 54, subparagraph (a) of the Complaint.

    b.   DENY the allegations set forth in Paragraph 54, subparagraph (b) of the Complaint.

    c.   DENY the allegations set forth in Paragraph 54, subparagraph (c) of the Complaint.

    d.   DENY the allegations set forth in Paragraph 54, subparagraph (d) of the Complaint.

55. DENY the allegations set forth in the two Paragraphs numbered 55 in the Complaint.[4]

## AKSARAY'S MAINTAINS AN ILLEGAL TIP POOL[5]

56. DENY the allegations set forth in Paragraph 56 of the Complaint.

57. DENY the allegations set forth in Paragraph 57 of the Complaint.

58. DENY the allegations set forth in Paragraph 58 of the Complaint.

59. DENY the allegations set forth in Paragraph 59 of the Complaint.

60. DENY the allegations set forth in Paragraph 60 of the Complaint.

61. DENY the allegations set forth in Paragraph 61 of the Complaint.

## AKSARAY VIOLATES THE 80/20 RULE[6]

62. DENY the allegations set forth in Paragraph 62 of the Complaint.

63. DENY the allegations set forth in Paragraph 63 of the Complaint.

64. DENY the allegations set forth in Paragraph 64 of the Complaint.

65. DENY the allegations set forth in Paragraph 65 of the Complaint.

66. DENY the allegations set forth in Paragraph 66 of the Complaint.

67. DENY the allegations set forth in Paragraph 67 of the Complaint.

68. DENY the allegations set forth in Paragraph 68 of the Complaint.

---

[4] For the avoidance of doubt, Plaintiff's Complaint includes two Paragraph 55s (one of which is under the Section of Plaintiff's Complaint titled "Aksaray's Maintains an Illegal Tip Pool") and, therefore, Paragraph 55 of this Answer purports to DENY all allegations made by Plaintiff in the two Paragraph 55s.

[5] Defendants are utilizing all titles used by Plaintiff in her Complaint for clarity purposes only. To the extent, if any, that this title may be read as setting forth allegations of fact, Defendants DENY those allegations.

[6] Defendants are utilizing all titles used by Plaintiff in her Complaint for clarity purposes only. To the extent, if any, that this title may be read as setting forth allegations of fact, Defendants DENY those allegations.

## FIRST CAUSE OF ACTION
### FLSA – FLSA Overtime Violations, 29 U.S.C. § 201, et seq.[7]

None of the paragraphs under Plaintiff's first cause of action are numbered. Accordingly, Defendants respond to all Paragraphs under Plaintiff's first cause of action by (i) repleading and incorporating by reference their answers to all preceding Paragraphs as though fully set forth herein, while noting that the first Paragraph under Plaintiff's first cause of action contains no allegations to which a responsive pleading is required and (ii) DENYING the allegations set forth in all Paragraphs set forth under Plaintiff's first cause of action.

## SECOND CAUSE OF ACTION
### NYLL – Unpaid Minimum Wages[8]

69. Inasmuch as paragraph 69 of the Complaint purports to reallege and incorporate by reference the allegations set forth in all preceding Paragraphs of the Complaint, Defendants replead and incorporate by reference their answers to all preceding Paragraphs of the Complaint as though fully set forth herein, and note that Paragraph 69 of the Complaint contains no allegations to which a responsive pleading is required.

70. DENY the allegations set forth in Paragraph 70 of the Complaint.

71. Paragraph 71 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that Paragraph 71 of the Complaint may be read as setting forth allegations of fact, Defendants DENY those allegations.

72. DENY the allegations set forth in Paragraph 72 of the Complaint.

73. DENY the allegations set forth in Paragraph 73 of the Complaint.

   a. DENY the allegations set forth in Paragraph 73, subparagraph (a) of the Complaint.

---

[7] Defendants are utilizing all titles used by Plaintiff in her Complaint for clarity purposes only. To the extent, if any, that this title may be read as setting forth allegations of fact, Defendants DENY those allegations.

[8] [8] Defendants are utilizing all titles used by Plaintiff in her Complaint for clarity purposes only. To the extent, if any, that this title may be read as setting forth allegations of fact, Defendants DENY those allegations.

      b.  DENY the allegations set forth in Paragraph 73, subparagraph (b) of the Complaint.[9]

      c.  DENY the allegations set forth in Paragraph 73, subparagraph (c) of the Complaint.

74. DENY the allegations set forth in Paragraph 74 of the Complaint.

75. DENY the allegations set forth in Paragraph 75 of the Complaint.

**THIRD CAUSE OF ACTION**
**NYLL – Unlawful Tip Deductions[10]**

76. Inasmuch as paragraph 76 of the Complaint purports to reallege and incorporate by reference the allegations set forth in all preceding Paragraphs of the Complaint, Defendants replead and incorporate by reference their answers to all preceding Paragraphs of the Complaint as though fully set forth herein, and note that Paragraph 76 of the Complaint contains no allegations to which a responsive pleading is required.

77. Paragraph 77 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that Paragraph 77 of the Complaint may be read as setting forth allegations of fact, Defendants DENY those allegations.

78. DENY the allegations set forth in Paragraph 78 of the Complaint.

79. DENY the allegations set forth in Paragraph 79 of the Complaint.

80. DENY the allegations set forth in Paragraph 80 of the Complaint.

---

[9] Defendants DENY the allegations set forth in the Footnote to Paragraph 73, subparagraph (b) of the Complaint.
[10] Defendants are utilizing all titles used by Plaintiff in her Complaint for clarity purposes only. To the extent, if any, that this title may be read as setting forth allegations of fact, Defendants DENY those allegations.

**FOURTH CAUSE OF ACTION**
**NYLL – Violation of the 80/20 Rule, N.Y. Comp. Codes R. & R. tit. 12 § 146-2.9[11]**

81. Inasmuch as paragraph 81 of the Complaint purports to reallege and incorporate by reference the allegations set forth in all preceding Paragraphs of the Complaint, Defendants replead and incorporate by reference their answers to all preceding Paragraphs of the Complaint as though fully set forth herein, and note that Paragraph 81 of the Complaint contains no allegations to which a responsive pleading is required.

82. Paragraph 82 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that Paragraph 82 of the Complaint may be read as setting forth allegations of fact, Defendants DENY those allegations.

83. DENY the allegations set forth in Paragraph 83 of the Complaint.

84. DENY the allegations set forth in Paragraph 84 of the Complaint.

85. Paragraph 85 of the Complaint purports to set forth one or more legal conclusions and appears to contain no allegations to which a responsive pleading is required. To the extent, if any, that Paragraph 85 of the Complaint may be read as setting forth allegations of fact, Defendants DENY those allegations.

86. DENY the allegations set forth in Paragraph 86 of the Complaint.

87. DENY the allegations set forth in Paragraph 87 of the Complaint.

---

[11] Defendants are utilizing all titles used by Plaintiff in her Complaint for clarity purposes only. To the extent, if any, that this title may be read as setting forth allegations of fact, Defendants DENY those allegations.

**<u>FIFTH CAUSE OF ACTION</u>**
**New York Labor Law-Record Keeping Violation- NYLL § 195(3)[12]**

88. Inasmuch as paragraph 88 of the Complaint purports to reallege and incorporate by reference the allegations set forth in all preceding Paragraphs of the Complaint, Defendants replead and incorporate by reference their answers to all preceding Paragraphs of the Complaint as though fully set forth herein, and note that Paragraph 88 of the Complaint contains no allegations to which a responsive pleading is required.

89. DENY the allegations set forth in Paragraph 89 of the Complaint.

90. DENY the allegations set forth in Paragraph 90 of the Complaint.

91. DENY the allegations set forth in Paragraph 91 of the Complaint. Defendants further DENY all allegations and characterizations made by Plaintiff with respect to Exhibit 2.

92. DENY the allegations set forth in Paragraph 92 of the Complaint.

93. DENY the allegations set forth in Paragraph 93 of the Complaint.

94. DENY the allegations set forth in Paragraph 94 of the Complaint.

95. DENY the allegations set forth in Paragraph 95 of the Complaint.

96. DENY the allegations set forth in Paragraph 96 of the Complaint.

97. DENY the allegations set forth in Paragraph 97 of the Complaint.

98. DENY the allegations set forth in Paragraph 98 of the Complaint.

---

[12] Defendants are utilizing all titles used by Plaintiff in her Complaint for clarity purposes only. To the extent, if any, that this title may be read as setting forth allegations of fact, Defendants DENY those allegations.

<u>**SIXTH CAUSE OF ACTION**</u>
**New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)-NYLL § 195(1)[13]**

None of the paragraphs under Plaintiff's sixth cause of action are numbered. Accordingly, Defendants respond to all Paragraphs under Plaintiff's sixth cause of action by (i) repleading and incorporating by reference their answers to all preceding Paragraphs as though fully set forth herein, while noting that the first Paragraph under Plaintiff's sixth cause of action contains no allegations to which a responsive pleading is required and (ii) DENYING the allegations set forth in all Paragraphs set forth under Plaintiff's sixth cause of action.

<u>**AS TO THE PRAYER FOR RELIEF PARAGRAPH OF THE COMPLAINT**</u>

Defendants DENY the appropriateness or permissibility of the relief sought by Plaintiff and DENY that Plaintiff and her counsel are entitled to any and all relief sought in the "Prayer for Relief" Paragraph of the Complaint. To the extent, if any, that the PRAYER FOR RELIEF Paragraph of the Complaint may be read as setting forth allegations of fact, Defendants DENY those allegations.

<u>**AFFIRMATIVE DEFENSES**</u>

Without admitting any allegations asserted in the Complaint, and without waiving any of Defendants' denials of fact, and without waiving any other argument or defense, Defendants state the following affirmative defenses:

1. The Complaint fails to state a claim, in whole or in part, upon which relief may be granted as against any Defendant.

2. Defendants had and have no intention to violate any provision of the Fair Labor Standards Act, the New York Labor Law, the New York Labor Law's Wage Theft Prevention Act, or any other New York or Federal labor regulations. Therefore, Defendants did not and are not willfully violating the

---

[13] Defendants are utilizing all titles used by Plaintiff in her Complaint for clarity purposes only. To the extent, if any, that this title may be read as setting forth allegations of fact, Defendants DENY those allegations.

Fair Labor Standards Act, the New York Labor Law, the New York Labor Law's Wage Theft Prevention Act, or any other New York or Federal labor regulations.

3. To the extent Plaintiff was employed, Plaintiff was exempt for all or part of her respective employment from the overtime and/or minimum wage pay requirements of the Fair Labor Standards Act, the New York Labor Law, and any other New York or Federal labor regulations.

4. Defendants have acted in a good faith belief that they are and were complying with all applicable provisions of the Fair Labor Standards Act, the New York Labor Law, the New York Labor Law's Wage Theft Prevention Act, and any other New York or Federal labor regulations. Further, Plaintiff's claims are barred as Defendants acted in good faith conformity with and in reliance on written administrative regulations, orders, rulings, approvals, interpretations, administrative practices, and enforcement policies of the state and federal departments of labor.

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Defendants are not employers within the meaning of the Fair Labor Standards Act, the New York Labor Law, the New York Labor Law's Wage Theft Prevention Act, or any other New York or Federal labor regulations, and thus, are not personally liable for any wages purportedly owed to the Plaintiff.

7. To the extent that Plaintiff performed work for which she was not compensated, Plaintiff is not entitled to relief because Defendants had no knowledge of such work and/or Plaintiff failed to inform Defendants of the time worked.

8. To the extent that Plaintiff performed work for which she was not compensated, such work was *de minimis*.

9. To the extent that Plaintiff performed work for which she was not compensated, such work is noncompensable preliminary and/or postliminary work under the Fair Labor Standards Act, New York Labor Law, or any other New York or Federal labor regulation. Further, such activities were not an integral and indispensable part of the principal activities of employment.

10. The Complaint seeks payment for hours, in whole or in part, that are not compensable "work time" within the meaning of the Fair Labor Standards Act, New York Labor Law, or any other New York or Federal labor regulation.

11. To the extent that Plaintiff is entitled to damages under the Fair Labor Standards Act, New York Labor Law, New York Labor Law's Wage Theft Prevention Act, or any other New York or Federal labor regulation, the Defendants are entitled to certain credits and/or offsets against such damages as authorized by law.

12. Plaintiff's claims are barred by the doctrine of *in pari delicto* and/or unclean hands.

13. To the extent Plaintiff was ever owed wages, Defendants made complete and timely payment of such wages (including, but not limited to, minimum wages and overtime pay), and such persons have always made an amount equal to or above the minimum wage through their employment. Pursuant to New York Labor Law § 198 and applicable case law, including *Ahmed v. Morgan's Hotel Grp. Mgmt., LLC*, 54 Misc.3d 1220(A) (Sup. Ct. New York Cty. 2017), *aff'd sub nom. Ahmed v. Morgan's Hotel Grp. Mgmt., LLC*, 160 A.D.3d 555 (1st Dep't 2018); *Hicks v. T.L. Cannon Mgmt. Corp.*, 2018 WL 2440732, at *8 (W.D.N.Y. Mar. 13, 2018); *Marin v. Apple-Metro, Inc.*, 2020 WL 6157011, at *7-8 (E.D.N.Y. Oct. 21, 2020), an employer is not liable for failure to provide sufficient wage notices, including notice of tip credits, when employees receive complete and timely payment of wages. As Defendants made complete and timely payment of all wages to its employees, Defendants are not liable for Plaintiff's claims of purported wage notice violations.

14. Plaintiffs' claims are barred by the doctrines of estoppel, laches, accord, satisfaction, waiver, estoppel, consent, primary jurisdiction, comparative fault, and/or contributory fault.

15. Plaintiff's claims are preempted by Federal law.

16. Plaintiff is not entitled to any relief under the Fair Labor Standards Act, the New York Labor Law, the New York Labor Law's Wage Theft Prevention Act, or any other New York or Federal labor

regulations, because she was fully and justly compensated for all time suffered or permitted to work.

17. Defendants have acted without willfulness, in good faith, and with reasonable grounds for believing that they are and at all relevant times were complying with all applicable provisions of the Fair Labor Standards Act, the New York Labor Law, the New York Labor Law's Wage Theft Prevention Act, or any other New York or Federal labor regulations. Accordingly, Plaintiff is barred from recovering liquidated damages under the Fair Labor Standards Act, the New York Labor Law, the New York Labor Law's Wage Theft Prevention Act, or any other New York or Federal labor regulations.

18. If a plaintiff suffered any damages as a result of the matters alleged in the Complaint, such damages were caused in whole or in part by that plaintiff's own culpable conduct, including failure to inform supervisors of all time worked. Any judgment recovered by a plaintiff must be reduced in proportion to the extent that their culpable conduct contributed to the alleged damages.

19. If Plaintiff succeeds in establishing any violation under the Fair Labor Standards Act, the New York Labor Law, the New York Labor Law's Wage Theft Prevention Act, or any other New York or Federal labor regulations, and to the extent any sums are found due and owing, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to a plaintiff over and above their wages and/or beyond the time period compensable under applicable law.

20. Defendants are not joint employers under the Fair Labor Standards Act, the New York Labor Law, the New York Labor Law's Wage Theft Prevention Act, or any other New York or Federal labor regulations.

21. To the extent, if any, that this Court finds that Defendants violated the Fair Labor Standards Act, the New York Labor Law, the New York Labor Law's Wage Theft Prevention Act, or any other New York or Federal labor regulations, such violation was inadvertent or the product of neglect, and was not willful.

22. Plaintiff's claims are barred to the extent she seeks recovery for activities not compensable.

23. Plaintiff is not entitled to any equitable relief because she has an equitable remedy at law.

24. All decisions made with respect to Plaintiff, and all actions taken with respect to her employment (to the extent she was employed), were/are made without malice, ill will, fraud, oppression, or any other improper motive.

25. Plaintiff's claims for damages must be dismissed to the extent that they have failed, refused, and/or neglected to mitigate or avoid the damages or injuries complained of in the Complaint, or to the extent that they have been mitigated.

26. Plaintiff's claims pertaining to alleged unpaid work time for non-overtime hours fails in any workweek in which her total compensation for the week exceeds the minimum wage for all non-overtime hours worked that week.

27. At all times, Defendants reasonably believed in good faith that they provided adequate notices of wage information.

28. To the extent discovery reveals that Plaintiff falsely reported her hours, and there is no evidence their employer knew or should have known that they were providing false information regarding their hours, Defendants hereby invoke the doctrine of estoppel to bar the claims asserted by those plaintiffs.

29. Plaintiff is not entitled to declaratory or injunctive relief.

30. Plaintiff is not entitled to pre-judgment or post-judgment interest.

31. Plaintiff's claims are barred to the extent that the work that Plaintiff performed falls within exemptions, exceptions, or exclusions provided under the Fair Labor Standards Act, the New York

Labor Law, the New York Labor Law's Wage Theft Prevention Act, or any other New York or Federal labor regulations, or, alternatively, should be reduced by any credits, recoupments or offsets provided under applicable law.

32.  Defendants BAKI GUVEN and YUSUF ALBARDAK are not employers within the meaning of the Fair Labor Standards Act, the New York Labor Law, the New York Labor Law's Wage Theft Prevention Act, and any other New York or Federal labor regulations, and thus are not personally liable for any wages purportedly owed to the Plaintiff.

33. Lack of personal jurisdiction.

34. Plaintiff's claims are barred by documentary evidence.

35. Defendants are in compliance with all applicable statutes, regulations, and/or laws.

36. Any damages allegedly sustained by Plaintiff was caused, in whole or in part, by reason of the culpable conduct of Plaintiff or a third party. Any judgment recovered by Plaintiff must be reduced in proportion to the extent that their or any third party's culpable conduct contributed to the alleged damages.

37. Plaintiff's claims are barred, in whole or in part, insofar as Plaintiff seeks any remedy to which she is not entitled under the Fair Labor Standards Act, the New York Labor Law, the New York Labor Law's Wage Theft Prevention Act, or any other New York or Federal labor regulations.

38. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any actual injury or damage as a result of any action or inaction by Defendants.

39. Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to name an indispensable party or parties.

40. Plaintiff's claims for attorneys' fees and costs are barred, in whole or in part, insofar as Defendants are in compliance with the Fair Labor Standards Act, the New York Labor Law, the New York Labor Law's Wage Theft Prevention Act, or any other New York or Federal labor regulations.

16

41. All decisions made having an effect, if any, on Plaintiff, were/are made without malice, ill will, fraud, oppression, or any other improper motive.

42. Plaintiff's claims are barred to the extent an exemption, exception, or exclusion provided under the Fair Labor Standards Act, the New York Labor Law, the New York Labor Law's Wage Theft Prevention Act, or any other New York or Federal labor regulations applies, or, alternatively, should be reduced by any credits, recoupments or offsets provided under applicable law.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend their Answer and/or further plead any other defenses applicable to any and all counts and/or pursue any available counterclaims against Plaintiff after a reasonable opportunity for discovery. Further, nothing stated in any of the Defendants' affirmative defenses constitutes a concession that Defendants bear any burden of proof on any issue in which they would not otherwise bear such burden.

**WHEREFORE**, Defendants deny that Plaintiffs are entitled to judgment or other relief of any kind and pray for judgment as follows:

1.      That the Court enter a judgment dismissing Plaintiff's Complaint in its entirety and with prejudice; and

2.      That Defendants be awarded such other and further relief as the Court may deem proper.

Dated:  New York, New York

          December 2, 2024

                                        McLAUGHLIN & STERN, LLP


                                        By:  Brett R. Gallaway
                                        260 Madison Avenue
                                        New York, NY 10016
                                        (212) 448-1100
                                        bgallaway@mclaughlinstern.com

                                        *Attorneys for Defendants*

18